UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

George Jerry Matlock, Jr.,

                Petitioner,

v.

Bruce Riaser,[1] Warden,

                Respondent.

Civ. No. 14-4322 (DWF/BRT)

**REPORT AND RECOMMENDATION**

---

George Jerry Matlock, Jr., MCF-Faribault, 1101 Linden Lane, Faribault, MN 55021, *pro se* Petitioner.

Matthew Frank, Esq., and James B. Early, Esq., Minnesota Attorney General's Office; and Peter R. Marker, Esq., Ramsey County Attorney's Office, counsel for Respondent.

---

BECKY R. THORSON, United States Magistrate Judge.

This matter is before the Court on George Jerry Matlock, Jr.'s amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. No. 7.) In March 2013, Matlock was convicted in Minnesota on burglary and theft charges, crimes for which he was later sentenced to five years imprisonment. *See State v. Matlock*, No. A13–1345, 2014 WL 3017181, at *1–3 (Minn. Ct. App. July 7, 2014). Matlock's convictions and total sentence were affirmed by the Minnesota Court of Appeals, and the Minnesota Supreme Court denied further review. *See id.* at *1; (Doc. No. 11, Ex. 6). Matlock then

---

[1] Although Matlock has identified the warden of the Minnesota Correctional Facility at Fairbault as "Bruce Riaser," it appears that his correct name is Bruce Reiser. (*See* Doc. No. 10 at 1 n.1.)

filed his present federal habeas petition, challenging his state court convictions on the ground that he was deprived of his Sixth Amendment right to counsel of his choice when the trial court refused to grant his requests to substitute counsel and for a continuance to allow newly retained counsel to prepare for trial. (*See* Doc. No. 7 at 2, 6.) Both requests were made on the first day of trial. *See Matlock*, 2014 WL 3017181, at *1–2. For the reasons discussed below, this Court respectfully recommends that Matlock's § 2254 petition be denied on the merits.

## BACKGROUND

On December 14, 2012, Matlock and a friend, William Whisonant, Jr., traveled to the campus of Northwestern College in Roseville, Minnesota. *Matlock*, 2014 WL 3017181, at *1. The two men entered a campus building and went down to a deserted basement hallway, where they happened upon an empty office with a laptop. *Id.* Matlock stood sentry at the door to the office while Whisonant "unhooked the laptop from its docking station and placed it into a computer bag that was sitting on the desk." *Id.* The two then went into another campus building, where they were confronted by a faculty member, Dr. Mark Baden, who suspected that the computer bag that Whisonant was carrying contained a stolen laptop. *Id.* After Matlock and Whisonant fled, Dr. Baden called 911. *Id.* at *1–2. Police officers apprehended Matlock and Whisonant soon after. *Id.* at *2.

Matlock was charged in Minnesota with aiding and abetting both theft and third-degree burglary. *See* Minn. Stat. §§ 609.05, subd. 1, 609.52, subd. 2(a)(1), and 609.582, subd. 3. Matlock, through court-appointed counsel, filed a demand for a speedy trial on

January 2, 2013, which prompted the trial court to schedule the trial for February 25, 2013. (*See* Doc. No. 11, Ex. 1 at 36); *Matlock*, 2014 WL 3017181, at *2. On the first day of trial, Matlock informed the trial court that his family had raised enough money to retain a private attorney, moved for a continuance so that newly retained counsel could adequately prepare for trial, and withdrew his demand for a speedy trial. *Id.* at *2, 6. The court denied Matlock's requests to substitute counsel and for a continuance as untimely. *Id.* at *2. The court noted that Matlock had been served with a pretrial order on December 28, 2012, which notified him that if he wished to retain private counsel he should do so "in time for the attorney to be able to prepare for trial." *Id.* at *3. The court also noted that the trial had been scheduled in accordance with Matlock's demand for a speedy trial and that the State, which already had witnesses under subpoena, would be prejudiced by a continuance. *Id.* at *2–3. The court concluded that there was no "sudden exigency" or "unforeseen circumstance" to justify a continuance. *See id.* at *3. The case proceeded to trial the following morning with Matlock's court-appointed counsel. *See id.* The jury convicted Matlock on the burglary and theft counts, and he was sentenced to five years in prison. *Id.*

Matlock appealed his convictions on two grounds, claiming, in relevant part, that the trial court abused its discretion in denying his motion for continuance and that his Sixth Amendment right to counsel of his choice was therefore violated. (Doc. No. 11, Ex. 1 at 20–25.) The Minnesota Court of Appeals rejected that argument on the merits, holding that the trial court did not abuse its discretion in denying Matlock's motion because he waited until the day of trial to seek a continuance, he "never notified the court

[before that time] that he was attempting to gather enough resources to hire private counsel and that he may need a continuance in the future," and he did not "cite any unforeseen circumstances to justify his day-of-trial continuance request." *Matlock*, 2014 WL 3017181, at \*6. While the court acknowledged that a defendant has a right to counsel of his choice, it emphasized that that right "must be balanced against the public interest in maintaining an efficient judicial system" and that, absent unforeseen circumstances, a "motion for a continuance to obtain counsel is properly denied when the defendant has not been diligent in obtaining counsel or preparing for trial." *Id.* at \*5.

After unsuccessfully seeking further review from the Minnesota Supreme Court, (*see* Doc. 11, Ex. 6), Matlock filed his present petition for a writ of habeas corpus.

## DISCUSSION

In his amended habeas petition, Matlock claims that he was deprived of his constitutional right to counsel of choice when the trial court denied his motion for a continuance to allow privately retained counsel to prepare for trial. (*See* Doc. No. 7 at 2, 6.) Because the Minnesota Court of Appeals rejected that claim on the merits, Matlock is not entitled to federal habeas relief unless, at a minimum, he can overcome the highly deferential standards prescribed by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for evaluating state court rulings. *See Renico v. Lett*, 559 U.S. 766, 773 (2010).

Under AEDPA, a federal court may not grant habeas relief on a claim adjudicated on the merits in state court unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the

Supreme Court of the United States," or "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). A state court decision is "contrary to" clearly established federal law if it applies a rule that contradicts the governing law set forth by the Supreme Court, or arrives at a result that differs from Supreme Court precedent in the face of materially indistinguishable facts. *Bell v. Cone*, 535 U.S. 685, 694 (2002). An "unreasonable application" of clearly established federal law, by contrast, occurs when "the state court correctly identifies the governing legal principle" from the relevant Supreme Court decisions "but unreasonably applies it to the facts of the particular case." *Id.* AEDPA thus "erects a formidable barrier to federal habeas relief" by requiring state prisoners to "show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error . . . beyond any possibility for fairminded disagreement." *Burt v. Titlow*, — U.S. —, 134 S. Ct. 10, 16 (2013) (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). So long as "fairminded jurists could disagree on the correctness of the state court's decision," AEDPA precludes federal habeas relief. *Richter*, 562 U.S. at 101 (quotation omitted).

Matlock has not alleged, let alone demonstrated, that the Minnesota Court of Appeals' decision involved an unreasonable application of clearly established Supreme Court precedent or an unreasonable determination of the facts. That, in and of itself, is sufficient to preclude federal habeas relief on his claim. *See Richter*, 562 U.S. at 103 ("As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in

5

justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.").

In any event, the Minnesota Court of Appeals' decision was neither contrary to, nor involved an objectively unreasonable application of, clearly established federal law. The Supreme Court has explained that because the "essential aim of the [Sixth] Amendment is to guarantee an effective advocate for each criminal defendant rather than to ensure that a defendant will inexorably be represented by the lawyer whom he prefers," the right to counsel of one's choice is "circumscribed in several important respects." *Wheat v. United States*, 486 U.S. 153, 159 (1988). One of those respects is that trial courts have "broad discretion" when it comes to "matters of continuances," such that "only an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay violates the right to the assistance of counsel." *Morris v. Slappy*, 461 U.S. 1, 11–12 (1983) (quotation omitted).

Fairminded jurists could certainly conclude that the trial court's refusal to grant Matlock's continuance request so that newly retained attorney could prepare for trial did not involve "an unreasoning and arbitrary insistence upon expeditiousness in the face of a justifiable request for delay." *Id.* Despite his own demand for a speedy trial and despite being cautioned that he should retain private counsel "in time for the attorney to be able to prepare for trial," Matlock waited until the first of day of trial to seek a continuance. *See Matlock*, 2014 WL 3017181, at *2–3, 6. And in doing so, Matlock did not cite any sudden exigency or unforeseen circumstance requiring the grant of his request at that late date. *See id.* at *6. Under these circumstances, the Minnesota Court of Appeals

reasonably applied the governing Sixth Amendment principles when it concluded that the trial court had not abused its discretion in denying Matlock's day-of-trial motion for a continuance. *See id.* at *5–6. Indeed, the Eighth Circuit has consistently rejected similar claims of constitutional error stemming from the denial of a continuance request made on or close to the date of trial. *See, e.g.*, *United States v. Robinson*, 662 F.3d 1028, 1031–32 (8th Cir. 2011) (holding that a defendant's Sixth Amendment right to counsel of his choice was not violated by the denial of a continuance to substitute counsel where, among other things, he "waited until the first day of trial to seek new counsel" and he did not contend that "there was sudden exigency or unforeseen circumstance"); *United States v. Cordy*, 560 F.3d 808, 815–16 (8th Cir. 2009) (upholding the denial of a motion for a continuance where the defendant "was not diligent in requesting a continuance for the purposes of substituting counsel"); *United States v. Vallery*, 108 F.3d 155, 157–58 (8th Cir. 1997) (upholding the denial of a day-of-trial request for a continuance to retain substitute counsel); *United States v. Reeves*, 674 F.2d 739, 748 (8th Cir. 1982) (upholding the denial of motions for a continuance filed "the last business day before trial," and explaining that trial courts are in a "good position to weigh the need for a change in counsel and the inconvenience to the litigants, the witnesses, other counsel and the court arising from [a] belated request for a continuance"). Accordingly, Matlock has not shown that no fairminded jurists could agree with the Minnesota Court of Appeals' decision. He is therefore not entitled to relief under the highly deferential standards mandated by AEDPA.

## CERTIFICATE OF APPEALABILITY

A § 2254 petitioner cannot appeal an adverse ruling on his petition unless he is granted a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1). A COA may only issue if the petitioner "has made a substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). For claims rejected on the merits, this standard demands a showing that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). For the reasons previously outlined, reasonable jurists would not find it debatable whether the Minnesota Court of Appeals' decision was contrary to, or involved an unreasonable application of, governing Supreme Court precedent. This Court therefore recommends that Matlock not be granted a COA in this matter.

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Matlock's amended petition for a writ of habeas corpus (Doc. No. 7) be **DENIED**; and

2. A certificate of appealability not be granted in this matter.


Date: April 13, 2015

*s/ Becky R. Thorson*
BECKY R. THORSON
United States Magistrate Judge

**NOTICE**

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **April 27, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections. Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals. A party may respond to the objecting party's brief within **fourteen days** after service thereof. All briefs filed under this rule shall be limited to 3,500 words. A district judge shall make a de novo determination of those portions of the Report to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.